UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFRED CONTRERAS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 08-11526
Criminal Case No. 05-50088

Paul V. Gadola
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

# REPORT AND RECOMMENDATION
# ON RULE 4 EXAMINATION

## I. PROCEDURAL HISTORY

Petitioner, Alfred Contreras, was indicted by a grand jury on January 9, 2006, and charged with a single count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Dkt. 3). He entered a guilty plea to that charge on February 22, 2006 pursuant to a Rule 11 plea agreement, which provided that the sentence would be "not more than the mid-point of the Sentencing Guideline Range determined by the court" and that the defendant waived his right to a direct appeal. (Dkt. 10). Petitioner was sentenced on April 17, 2007 to a term of imprisonment of 78-1/2 months with the judgment being entered on April 18, 2007. (Dkt. 19). That sentence was apparently the mid-point

of the guideline range as determined by the court after the court denied a reduction in offense level for acceptance of responsibility. No direct appeal was taken from that conviction and sentence.

The present petition under 28 U.S.C. § 2255 was filed on April 8, 2008. (Dkt. 24). The petition was referred to the undersigned on May 9, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 26).

**II.    DISCUSSION**

   A.    Petitioner's Claims

Petitioner alleges four grounds for his claim that he was denied his constitutional rights relating to his conviction. Those grounds are (1) that the government did not provide him with evidence that was favorable to him regarding his cooperation with federal agents and that related to his medical condition, (2) that his trial attorney was constitutionally ineffective because the attorney failed to raise a competency issue at sentencing and failed to bring up certain unidentified mitigating factors at sentencing, (3) that petitioner was under the influence of psychotropic drugs during the sentencing and the drugs altered his ability to think clearly, and (4) that the sentencing judge was biased because the judge had expressed his disgust with crimes of the kind to which petitioner had pleaded guilty. (Dkt. 24, pp. 5-7). Allegations of *pro se* litigants are to be

construed liberally. *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993).

    B.    <u>Rule 4 Standard</u>

Under Rule 4 of the Rules Governing § 2255 Proceedings, the Court should "examine" the petition before ordering the United States Attorney to respond and dismiss the petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4, 28 U.S.C. foll. § 2255. It appears that the petition is the first such petition filed by petitioner relating to this conviction, that the petition was timely filed, and that petitioner has not previously waived his right to file a petition under this section of federal law.

    C.    <u>Petitioner's First Claim</u>

With respect to the first claim made by petitioner, while it is clear that the government has an obligation to provide exculpatory information to the defendant in a criminal case, *Brady v. United States*, 397 U.S. 742 (1970), that principle does not apply to information of which defendant is aware. *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000); *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998). Petitioner claims that the government did not provide information about circumstances in which he was personally involved, so any information about those circumstances was known to him. Therefore, the government was not under

an obligation to disclose it. It plainly appears from the petition that petitioner is not entitled to relief on this claim. Thus, the undersigned recommends that the Court dismiss this claim.

D. Petitioner's Second Claim

With respect to the second claim, that petitioner was denied the effective assistance of counsel due to his attorney's alleged failure to provide certain mitigating information to the court for sentencing purposes and that his attorney failed to raise a competency issue, there are circumstances where a failure to present mitigating evidence at a sentencing hearing is ineffective assistance of counsel. *Frazier v. Huffman*, 343 F.3d 780, 797-98 (6th Cir.), as amended, 348 F.3d 174 (6th Cir. 2003); *Arredondo v. United States*, 178 F.3d 778, 788 (6th Cir. 1999). It cannot plainly be determined from the existing record that petitioner is not entitled to relief as to this claim and thus, the undersigned has issued a separate order requiring the United States Attorney to respond to this claim on or before the expiration of 30 days from the entry of that order.

E. Petitioner's Third Claim

With respect to the third claim, that petitioner was under the influence of medication at the time of the sentencing, such a claim implicates issues associated with petitioner's competency. Petitioner would have had a right to have his

competency considered at any point up to the time of sentencing. 18 U.S.C. § 4241(a). Competency questions can have constitutional significance, *United States v. General*, 278 F.3d 389, 395 (4th Cir. 2002), but the merits of this claim cannot plainly be determined from the existing record and therefore, the undersigned has issued a separate order requiring the United States Attorney to respond to this claim on or before 30 days from the entry of that order.

    F.    <u>Petitioner's Fourth Claim</u>

With respect to the fourth claim, that the sentencing judge was biased, petitioner has alleged that the sentencing judge was biased because he expressed "disgust" regarding the nature of the offense petitioner had pled guilty to and that the sentencing judge always gives the maximum sentence for such offenses. In order to demonstrate a degree of bias sufficient to warrant that a judge recuse himself or herself from a case, it must be established that any feeling the sentencing judge had about the case was a result of information from extrajudicial sources rather than the result of information learned from participation in the case. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). The standard is an objective one and requires recusal only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Armstrong v. Jackson*, 2008 WL 2323374 (S.D. Ohio 2008). It can be

no surprise that the sentencing judge would express "disgust" regarding an offense relating to child pornography and a reasonable person would not view such a comment as suggesting the judge's impartiality could reasonably be questioned. Petitioner has not alleged that the judge's comments were based on some extrajudicial source rather than the information the judge learned in the course of dealing with petitioner's criminal case. Additionally, petitioner's claim that the sentencing judge was biased because he always gives the maximum sentence is baseless in light of the fact that petitioner's sentence was set at the middle of the guideline range found to be applicable to him. It plainly appears from the petition that petitioner is not entitled to relief as to this claim. Thus, the undersigned recommends that the Court dismiss this claim.

### III. RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that, pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the District Court dismiss petitioner's first and fourth claims, as described above.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limitation is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

|  |  |
|---|---|
| Date: September 30, 2008 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Nancy A. Abraham and Charles A. Grossman, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Alfred Contreras, ID # 39502-039, FCI MILAN, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 1000, MILAN, MI  48160.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

8

Report and Recommendation
28 U.S.C. § 2255, Rule 4 Examination
*Contreras v. United States*; Nos. 08-11526, 05-50088