UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALFRED CONTRERAS, | Case No. 08-11526 |
| | Criminal Case No. 05-50088 |
| Petitioner, | |
| v. | Paul D. Borman |
| | United States District Judge |
| UNITED STATES OF AMERICA, | |
| | Michael Hluchaniuk |
| Respondent. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
**PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

**I.    PROCEDURAL HISTORY**

Petitioner, Alfred Contreras, was indicted by a grand jury on January 9, 2006, and charged with a single count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Dkt. 3).  He entered a guilty plea to that charge on February 22, 2006 pursuant to a Rule 11 plea agreement, which provided that the sentence would be "not more than the mid-point of the Sentencing Guideline Range determined by the court" and that the defendant waived his right to a direct appeal.  (Dkt. 10).  At the time petitioner entered his guilty plea, he stated he had not received treatment for mental illness, he had not been treated for substance abuse, and he was not under the influence of any drugs.  (Dkt. 39, p. 5).  The Rule 11 agreement contemplated that petitioner would receive a reduction for

acceptance of responsibility.

Petitioner's counsel filed a sentencing memorandum arguing that petitioner's possession of child pornography was the product of his addiction to pornography and pointed out that he was receiving mental health counseling for that problem, attaching a letter from petitioner's mental health counselor at the time, which merely said petitioner had attended treatment sessions. (Dkt. 14). Petitioner initially appeared for sentencing on November 7, 2006, and was informed that the sentencing judge was considering denying him a reduction for acceptance of responsibility because, while he was on bond, petitioner had been caught being in possession of a large number of pornographic images, some of which might have been included minor children. (Dkt. 35). The sentencing was adjourned to allow counsel to brief the issues associated with loss of acceptance of responsibility. On November 21, 2006, petitioner's counsel filed a second sentencing memorandum arguing that petitioner should not lose acceptance of responsibility under the circumstances, specifically because it was not clear that the recent possession of pornography did not clearly include child pornography. Petitioner's objection to the loss of acceptance of responsibility was subsequently withdrawn because, apparently, some of the pornography petitioner possessed while he was on bond did include child pornography. (Dkt. 18, and Dkt. 37, pp. 19-20).

Petitioner was sentenced on April 17, 2007 to a term of imprisonment of 78-1/2 months with the judgment being entered on April 18, 2007. (Dkt. 19). That sentence was apparently the mid-point of the guideline range as determined by the court after the court denied a reduction in offense level for acceptance of responsibility. At the sentencing hearing, counsel for petitioner contended that the "core" problem of petitioner was his depression and that he was currently taking medication for that. Counsel pointed out that although petitioner was on medication "he understands everything" and was fully aware of what was going on. (Dkt. 37, p. 9). Petitioner made a personal statement to the sentencing judge apologizing for his conduct and stating that he had done positive things with his life. (Dkt. 37, p. 10). Petitioner expressed no confusion regarding the issues before the court and his comments appeared completely appropriate under the circumstances. No direct appeal was taken from that conviction and sentence.

The present petition under 28 U.S.C. § 2255 was filed on April 8, 2008. (Dkt. 24). The petition raised four claims of error. The petition was referred to the undersigned on May 9, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 26). On September 30, 2008, the undersigned issued a report and recommendation recommending that two of the four issues be dismissed under Rule 4 of the Rules Governing § 2255 Proceedings because "it plainly appear[ed] from the motion ... and record of prior proceedings that the moving party was not entitled to relief."

The government was ordered to respond to the two remaining claims asserted by petitioner. (Dkt. 31). The government responded to the petition on December 5, 2008. (Dkt. 41). District Judge Paul D. Borman adopted the report and recommendation on June 3, 2009, and dismissed two of the claims made by petitioner. (Dkt. 43).

Based on a further review of this matter the undersigned now **RECOMMENDS** that the petition be **DISMISSED** with respect to the remaining two claims made by petitioner.

## II.   DISCUSSION

### A.   Ineffective Assistance of Counsel at Sentencing

The first of petitioner's remaining two claims relates to a claim that his attorney failed to raise mitigating information at sentencing that would have supported a downward departure. The only identification of mitigating information mentioned by petitioner was his claim of mental illness. (Dkt. 24, pp. 4-5).

The government, in their response, points out that claims of ineffective assistance of counsel are evaluated under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). Those standards require that someone claiming ineffective assistance of counsel must show that defense counsel's performance was deficient and that the deficient performance resulted in prejudice. *Id*. 466 U.S.

at 687. Reviewing courts must be "highly deferential [and] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance [that would be considered] 'sound trial strategy.'" *Id*. 466 U.S. at 689. Prejudice, in this context, means the claiming party has to show "the decision reached would reasonably likely have been different absent the errors." *Id*. 466 U.S. at 696. Additionally, "[t]he Constitution does not require defense counsel to pursue every trial strategy imaginable, whether likely to bear fruit or not. *Perkins v. McKee*, 2011 WL 555711 (6th Cir.), relying on, *Engle v. Isaac*, 456 U.S. 107, 134 (1982).

In the present case, petitioner's trial counsel argued to the sentencing judge that petitioner had mental health issues and that petitioner was addressing those issues through treatment and medication. (Dkt. 14, Dkt. 37, p. 9). Petitioner has not demonstrated, or even alleged, that there was anything more for his attorney to have presented to the sentencing judge. Petitioner suggests that counsel should have made a motion for downward departure, but there is nothing to indicate that such a motion would have resulted in a lower sentence. In fact, § 5H1.3, U.S.S.G. (11/01/2006), provides that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted, except as provided in Chapter Five, Part K, Subpart 2 (Other Grounds for Departure)." The "other grounds for departure" section relating to "child crimes and sexual offenses,"

including the offense petitioner pleaded guilty to, is very limited in any other circumstances where a downward departure is permitted. § 5K2.0(b), U.S.S.G. (11/01/2006). There simply is no reason to believe that if petitioner's trial counsel would have filed a motion for downward departure based on petitioner's mental health issues that his sentence would have been any different. Petitioner has failed to demonstrate a violation of either the performance prong or the prejudice prong of the *Strickland* test.

B.  Competency at Sentencing

With respect to the second remaining claim, petitioner alleges that he was "taking prescription Psychotropic medications during and before sentencing" and that his ability to think clearly was "altered." Such a claim implicates issues associated with petitioner's competency. Petitioner would have had a right to have his competency considered at any point up to the time of sentencing. 18 U.S.C. § 4241(a) and §4244(a). Competency questions can have constitutional significance, *United States v. General*, 278 F.3d 389, 395 (4th Cir. 2002). The failure to order a competency examination where a reasonable doubt regarding a defendant's competency exists is a procedural due process issue and sentencing an incompetent defendant is a substantive due process issue. *Id.* at 396. Section 4244 of Title 18, United States Code, applies to concerns regarding a defendant's competence to be sentenced. *United States v. Mason*, 52 F.3d 1286, 1288 n. 2 (4th Cir. 1995).

Under § 4244(a) a hearing regarding competency is required where there is "reasonable cause" to question defendant's competency. In the present case there was no basis to question petitioner's competency at the time of his sentencing. The Presentence Report (which admittedly was prepared well before petitioner's sentencing in April of 2007) stated "[t]he defendant denied history of mental or emotional problems and described his current mental health as good. There is no indication to the contrary."[1] During the sentencing hearing, defense counsel advised the court petitioner had mental health issues and was on medication but that he "understands everything." (Dkt. 37, p. 9). Petitioner addressed the court and appeared to make an appropriate statement to the sentencing judge regarding his circumstances. (Dkt. 37, p. 10). Petitioner has not offered any other information that would have established "reasonable cause" to question his competency at the time of his sentencing and therefore no procedural due process violation has been shown by petitioner.

Competency, as a general proposition in a criminal case, is the "present ability to consult with [the defendant's] lawyer with a reasonable degree of rational understanding - and whether [the defendant] has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S.

---

[1] While a person's assessment of their own health may not be given too much weight in most circumstances, petitioner was an RN and had worked as a health care professional for many years.

402, 402 (1960).  Other than petitioner's self-serving and unsupported claim that he was not thinking "clearly" at the time of his sentencing, there is nothing in this record that indicates petitioner was not legally competent at the time of his sentencing.  "The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent ..."  *Miles v. Dorsey*, 61 F.3d 1459, 1472 (10th Cir. 1995).  Even if petitioner was taking psychotropic medications at the time of sentencing, as he claims, nothing establishes that he did not have the ability to consult with his attorney with a reasonable degree of understanding or that he did not understand the proceedings against him.  The comments of his attorney at sentencing and petitioner's own comments strongly indicate he was able to properly consult with his attorney and that he understood the nature of the proceedings against him.  Petitioner has not demonstrated a violation of his substantive due process rights at the time of sentencing. No evidentiary hearing was necessary in this case because petitioner's allegations were either contradicted by the record or they were conclusions rather than statements of fact.  *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

## IV.    RECOMMENDATION

Accordingly, for the reasons stated above, the undersigned **RECOMMENDS** that the District Court **DISMISS** petitioner's remaining claims, as described above.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: March 18, 2011 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on March 18, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Nancy A. Abraham and Charles A. Grossman, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Alfred Contreras, ID # 39502-039, FCI MILAN, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 1000, MILAN, MI 48160.

s/Darlene Chubb<br>
Judicial Assistant<br>
(810) 341-7850<br>
darlene_chubb@mied.uscourts.gov